# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DENISE ASKEA, | § | Civil Action No. _____ |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | **COMPLAINT** |
| SOUTHWESTERN BELL TELEPHONE | § | |
| COMPANY D/B/A AT&T TEXAS.; | § | |
| DIVERSIFIED CONSULTANTS, INC.; | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

     **NOW COMES** Denise Askea ("Plaintiff"), by and through the undersigned counsel, states as follows:

## NATURE OF THE ACTION

     1.     Plaintiff brings this action seeking redress for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA), the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392 ("TDCA"), and the Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 ("DTPA").

## JURISDICTION AND VENUE

     2.     Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§ 1331 as the action arises under the laws of the United States. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District, Plaintiff lives in the District, and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     Plaintiff Denise Askea ("Plaintiff") is a natural person residing in Montgomery, Texas, and is a "consumer" as defined by 15 U.S.C. § 1692a(3), the Texas Fin. Code § 392.001(1), and the Tex. Bus. & Com. Code § 17.45(4).

5.     Defendant Diversified Consultants, Inc. ("Defendant DCI") is corporation organized under the laws of the State of Florida with its principal place of business located at 10550 Deerwood Park Blvd, Suite 309, Jacksonville, Florida. Defendant DCI is a "debt collector" as defined by 15 U.S.C. § 1692a(6), a "third-party debt collector" by Tex. Fin. Code Ann. § 392.001(7), and a "person" as defined by the Tex. Bus. & Com. Code § 17.54(3).

6.     Defendant Southwestern Bell Telephone Company d/b/a AT&T Texas ("Defendant AT&T") is a foreign corporation organized under the laws of the State of Delaware, doing business in the State of Texas with its principal place of business located at 208 S. Akard Street, Dallas, TX 75202. Defendant AT&T is a "creditor" and a "debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(3) and 392.001(6), respectively, and a "person" as defined by the Tex. Bus. & Com. Code § 17.54(3).

## PURPOSE OF THE FDCPA

7.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has

determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of privacy.

8.     Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

9.     The Texas Debt Collection Act, like the FDCPA, prohibits debt collectors (including original creditors collecting their own debt), from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting consumer debt. *Cushman v. GC Services, L.P.*, 397 Fed. Appx. 24 (5th Cir. 2010).

## FACTUAL ALLEGATIONS

10.     In November 2016, Plaintiff sold her home and transferred her personal television and internet services provided by Defendant AT&T to her new residence.

11.     Plaintiff's account with Defendant AT&T bore an account number ending in 1677 ("Account No. 1") and remained the same when services were transferred to her new residence.

12.     Plaintiff's account was in good standing at the time she transferred services and she continued making payments on Account No. 1 thereafter.

13.     On or about January 5, 2017, Plaintiff received an email from Defendant AT&T regarding a second account ending in 0179 ("Account No. 2") stating that her bill was ready and that she owed over $500.

14.     Plaintiff visited a local AT&T office to inquire about the bill she received regarding Account No. 2 and was told by Defendant AT&T's representative that Account No. 2 was created by error and that it would be "taken care of."

15.     However, in February 2017, Plaintiff received another email demanding payment on Account No. 2.

16.     On June 22, 2017, Plaintiff received letter from a third-party debt collector demanding payment on Account No. 2.

17.     On June 23, 2017, Plaintiff again visited a local AT&T office and attempted to work with Defendant AT&T's representative going back and forth between the billing and fraud departments for three hours to resolve the matter.

18.     Plaintiff was told that the matter would be escalated to supervisors and that she would receive a return call, but never received a return call.

19.     On or about June 23, 2017, Plaintiff disputed the debt both verbally and in writing with the third-party collection agency but was told just to pay and "settle" with Defendant AT&T at some later point.

20.     In October 2017, Defendant DCI began contacting Plaintiff regarding Account No. 2.

21.     On or about October 17, 2017, Defendant DCI sent Plaintiff a letter stating that she owed $882.52 on Account No. 2 and demanded payment.

22.     In response, Plaintiff again disputed the alleged debt in writing and also provided a completed identity theft complaint and affidavit, as she had been instructed, along with a copy of her lease showing where she lived at the time Account No. 2 was created (which did not match the service address), and a detailed listing of her bills and payments made on Account No. 1.

23.     Plaintiff received no response in connection with her dispute described above in paragraph No. 30.

24.     In October 2018, Plaintiff received a collection call from Defendant DCI and once again explained she did not have a second account with Defendant AT&T and disputed Account No. 2. She also told Defendant DCI that she had sent in a written dispute previously, along with documentation supporting her dispute.

25.     Defendant DCI then sent Plaintiff another collection letter dated October 26, 2017, along with another fraud affidavit attached "pursuant to [her] request," even though Plaintiff made no such request.

26.     Once again, in October 2018, Plaintiff sent Defendant DCI a written dispute letter and noted the same dispute and supporting documentation had been sent back in 2017.

27.     On November 25, 2018, Plaintiff also sent Defendant DCI an email disputing the alleged debt.

28.     Defendant DCI never provided verification and otherwise failed to respond to Plaintiff's disputes and instead started reporting the alleged debt created in connection with Account No. 2 to the major credit reporting agencies, thereby negatively affecting Plaintiff's credit profile and score.

29.     Defendant DCI knew or should have known the information it reported to the credit reporting agencies was disputed by Plaintiff, unverifiable and inaccurate.

30.     Moreover, Defendant knew Plaintiff had made a bona fide dispute regarding Account No. 2 and failed to notify the credit reporting agencies of that dispute.

31.     In February 2019, Plaintiff sent a letter to Equifax, Trans Union, and Experian to dispute Defendant DCI's reporting of Account No. 2.

32.     Upon information and belief, Defendant DCI did not conduct a reasonable reinvestigation and instead chose to, at least temporarily, suppress the reporting of Account No. 2.

33.     In February 2019, Plaintiff received letters from the credit reporting agencies that Account No. 2 was not appearing on her credit report.

34.     However, Plaintiff has never received any response or assurance from either of the defendants that the matter has been resolved and that Defendant AT&T will not again transfer, sell or assign bogus Account No. 2 to another agency, or that Defendant DCI will not re-report blatantly false and derogatory information about Plaintiff to the credit bureaus.

35.     Plaintiff has experienced mental and emotional distress and frustration because of Defendants' continued pursuit and reporting of a debt she does not owe, and the persistent revival of a debt dispute.

36.     Plaintiff has been unable to apply for or receive financing for a new vehicle due to Defendant DCI's reporting of the bogus debt and fear of it reappearing on her credit report.

37.     By reason of the above, Plaintiff is entitled to recover damages from the Defendants in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest and reasonable attorney's fees and costs.

## **TRIAL BY JURY**

38.     Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## **CAUSE OF ACTION**

### **COUNT I.**

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692 et seq. ("FDCPA")

### AGAINST DEFENDANT DCI

39.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

40.     Defendant DCI communicated credit information it knew or should have known was false in violation of 15 U.S.C. § 1692e(8).

41.     Defendant DCI continued its unlawful collection efforts after receiving written notice of Plaintiff's dispute in violation of 15 U.S.C. § 1692g(b).

42.     Defendant DCI is liable to Plaintiff for statutory damages, actual damages, out-of-pocket costs, and reasonable attorney's fees in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k.

### COUNT II

### Texas Debt Collection Act – Tex. Fin. Code § 392 et seq. ("TDCA")

### AGAINST DEFENDANTS AT&T & DCI

43.     Plaintiff repeats and re-alleges each and every allegation above.

44.     Defendants violated the TDCA by:

a.      failing to make a written record of Plaintiff's dispute (§ 392.202(a));

b.      failing to cease collection efforts until an investigation of the dispute determined the accurate amount of the alleged debt (§ 392.202(a));

c.      failing to provide Plaintiff with a written statement after initiating an investigation of her dispute(s) pursuant to § 392.202(b);

    d.     collecting or attempting to collect interest or charges, fees, and expenses that are not expressly authorized by any agreement and/or are not otherwise legally chargeable to Plaintiff (§ 392.303(a)(2));

    e.     falsely representing the character and the amount due and misrepresenting the debt's status (§ 392.304(a)(8)); and

    f.     using false representations and deceptive means to collect a debt (§ 392.304(a)(19)).

45.    Defendants are liable for, and Plaintiff is entitled to, injunctive relief, actual damages, out-of-pocket costs, and reasonable attorney's fees in an amount to be determined at trial pursuant to the Tex. Fin. Code § 392.403.

## COUNT III

## VIOLATIONS OF THE DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT – Tex. Bus. & Com. Code § 17.41 et seq. ("DTPA") AGAINST DEFENDANTS AT&T AND DCI

46.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

47.    As set forth in the preceding paragraphs, Defendants' actions violated the Texas Debt Collection Act, Tex. Fin. Code § 392.202.

48.    Pursuant to Tex. Fin. Code § 392.404, Defendants' violations of Tex. Fin. Code § 392.202 constitute unlawful deceptive trade practices and are actionable under Tex. Bus. & Com. Code § 17.50.

49.    Defendants' violations of the DTPA were committed knowingly and intentionally.

50.     Plaintiff is entitled to economic damages, damages for mental anguish, and attorney's fees and costs.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

a) Actual damages, including damages for mental anguish, in an amount to be determined at trial;

b) Statutory damages pursuant to the FDCPA against Defendant DCI in an amount to be determined at trial;

c) Injunctive relief;

d) Costs and reasonable attorney's fees; and

e) Other and further relief as may be just and proper.

Dated this 1st day of April, 2019.                    Respectfully Submitted,

**LAW OFFICE OF TRISTA JOHNSON**

*/s/ Trista M. Johnson*
Trista M. Johnson
Texas State Bar No. 24101089
Southern District of Texas ID No. 3180848
1712 N. Frazier Street, Suite 212C
Conroe, TX 77301
Telephone: 936.570.0575
Email: trista@txconsumerlawyer.com

**ATTORNEY FOR PLAINTIFF**